**APRIL TERM, 1896.**

ADAM C. ARNOLD v. CLÉMENT SMITH, CIRCUIT JUDGE OF CALHOUN COUNTY.

CRIMINAL LAW—EXHAUSTION OF REGULAR PANEL OF JURORS—SUMMONING OF JURORS NOT SELECTED FROM THE BODY OF THE COUNTY.

Relator applied for *mandamus* to compel respondent to vacate an order denying his motion in arrest of judgment, and to grant the same, as also a new trial. An order to show cause was denied.

*T. E. Barkworth,* for relator, contended:

1. That the question respecting the jury is a proper one to be determined on this application; that the error, if any, appears upon the face of the record, and is jurisdictional; that the remedy by *mandamus* is being extended year by year; that without express authority upon the precise point involved it is within the decisions of this Court in recent years with respect to said remedy.

2. That the objection of relator is based upon the fact that the jurors summoned by order of the court were not selected from the body of the county; that How. Stat. § 7578, as amended by Act No. 201, Laws of 1893, upon the authority of which said order was made, provides:

"Whenever, for any cause, grand or petit jurors shall not have been drawn or summoned to attend any circuit court, or a sufficient number of qualified jurors shall fail to appear, such court may, in its discretion, order a sufficient number of grand or petit jurors or both to be forthwith drawn and summoned to attend said court: Provided: that in drawing jurors under this section the court may, for the purpose of obtaining a jury or talesmen near the county seat, direct from which township or supervisor district such jurors shall be drawn."

That the case of *People v. Jones,* 24 Mich. 215, 221, shows that the object of this statute was to provide jurors for the *general* purposes of the term; that this view of the law was reasserted in *People v. Hall,* 48 Mich. 483; that in no event could it apply to the particular case on trial, nor could any order made in such case thereunder be valid.

The facts, as alleged in the petition for *mandamus,* were as follows:

*a*—That on December 9, 1895, relator

was placed on trial for the crime of murder; that during the process of impaneling a jury the regular panel of jurors became exhausted by the challenges of the parties, before a jury was obtained; that thereupon the names of certain jurors, drawn and summoned by virtue of an order made December 4, 1895, which, after reciting that a petit jury had been drawn for the then term of court, but it appeared to the court that additional jurors were necessary at said term, directed that thirty four good and lawful men be drawn in the manner prescribed by law from the several lists of persons returned as petit jurors from five designated townships of the county, who should be summoned to appear on December 10, 1895.

*b*—That respondent objected to the calling of said jurors, because not drawn and summoned under any law of this state authorizing the drawing and summoning of jurors for the trial of the case, and filed a challenge to the array for said reason; that said challenge was overruled, and the trial proceeded with said jurors forming a part of the jury in the case; that respondent was convicted of manslaughter, and moved in arrest of judgment for the reason stated, which motion was overruled.